UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA HOWARD,

                Plaintiff,

v.                                Case No. 14-cv-1464-pp

JOYCE MEYER MINISTRIES,
NEVIN WEBSTER, FRANCIS PALIEKARA,
ERIC GEORGE, WILLIAM POLLARD,
and UNKNOWN Does,

                Defendants.

---

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

---

The *pro se* plaintiff, Joshua Howard, is a Wisconsin state prisoner. He filed a complaint under 42 U.S.C. §1983, and along with it, filed a petition for leave to proceed *in forma pauperis*. Dkt. No. 2. The plaintiff has paid an initial partial filing fee of $.60. *See* 28 U.S.C. §1915(b)(1). Because the plaintiff has paid the initial partial filing fee, and has demonstrated that he could not pay the full filing fee at the time he filed his complaint, the court will grant his petition to proceed without pre-paying the filing fee, and will allow him to pay his filing fee over time, as described at the end of this order.

The court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court has to dismiss all or part of a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to

1

state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff should provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff does not need to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly*. First, the court must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

Case 2:14-cv-01464-PP   Filed 06/01/15   Page 3 of 8   Document 12

In this case, the plaintiff is incarcerated at Waupun Correctional Institution (WCI). The defendants are Joyce Meyer Ministries[1]; Nevin Webster, WCI librarian; Francis Paliekara, WCI chaplain; Eric George, WCI chaplain; William Pollard, WCI Warden; and Unknown, sued as "Does in their individual capacities."

The plaintiff sets forth several claims. Pertinent to all of these claims is the fact that the plaintiff is a Therevedan Buddhist. Dkt. No. 1 at 4.

First, he alleges that in December 2008 and January 2009, Mr. Webster displayed a painting in the library which depicted the birth of Jesus Christ in a manger under the star of Bethlehem. The painting was placed on a column underneath where WCI memoranda and bulletins were posted. Id. The plaintiff claims that this violated the Establishment Clause of the First Amendment. Id. at 6.

Second, the plaintiff alleges that in July 2010, WCI staff members distributed gift bags containing hygiene products, a letter from Dave and Joyce Meyer and a book of Bible passages to inmates. Id. at 4. The plaintiff claims that by organizing and implementing a religious charity offering, Warden Pollard violated the Establishment Clause of the First Amendment. Id. at 6.

Third, the plaintiff alleges that WCI has a television channel which displays, among other information pertinent to inmates, announcements, open job assignments, and the weekly menu. The audio for the channel is set to a local radio station so that music plays while the inmate watches the

---

[1] Joyce Meyer Ministries is a Christian-based non-profit organization located in Fenton, Missouri. See www.joycemeyer.org. (last visited May 15, 2015).

4

information scroll. Id. at 4. According to the plaintiff, in June 2011, and again in September 2014, WCI staff programmed the institutional channel to a Christian radio station so that inmates heard sermons when tuned into the channel. Id. at 4, 5. The plaintiff claims that by programming the institutional channel to broadcast a Christian-based radio station, the Unknown Does violated the Establishment Clause to the First Amendment. Id. at 6. He also claims that by implementing a custom and practice of promoting Christianity, Warden Pollard violated the Establishment Clause of the First Amendment. Id.

Fourth, the plaintiff claims that in May 2014, he ordered a necklace from a DOC-approved catalog; the necklace bore an image of Buddha. Id. at 4. The plaintiff claims that when he went to pick up the necklace, Chaplain George told him he'd need to consult Chaplain Paliekara. Chaplain George returned from talking to Chaplain Paliekara, and informed the plaintiff that Chaplain Paliekara did not recognize the image on the necklace as a Buddhist religious symbol, and thus that the necklace was contraband which would be returned to the property room. The plaintiff alleges that inmates who practice other religions are permitted to possess religious symbols, including necklaces, but that he was denied that privilege. Id. at 5. The plaintiff claims that Chaplains George and Paliekara violated the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment by not permitting him to possess the Buddha emblem necklace. Id. at 6.

For relief, the plaintiff seeks monetary damages.

The court finds that, based on the facts alleged on the face of his complaint, the plaintiff may proceed on all of his claims under the First and Fourteenth Amendments to the United States Constitution. Once the defendants have filed an answer to the complaint, the court will issue a Scheduling Order setting deadlines for the identification of the Doe defendants, as well as for the completion of discovery and filing dispositive motions. The plaintiff will need to use the discovery process to discover the identities of the Doe defendants.

**ORDER**

The court **ORDERS** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

The court further **ORDERS** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

The court further **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the state defendants shall file a responsive pleading to the complaint within **sixty (60)** days of receiving electronic notice of this order.

The court further **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order upon defendant Joyce Meyer Ministries pursuant to Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §

6

1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court further **ORDERS** the defendant Joyce Meyer Ministries shall file a responsive pleading to the complaint, pursuant to the Federal Rules of Civil Procedure.

The court further **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $349.40 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary must clearly identify those payments by the case name and number assigned to this case.

The court will send a copy of this order to the warden of the facility where the plaintiff is incarcerated.

The court further **ORDERS** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The

7

Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he must submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court further advises the plaintiff that if he fails to timely file documents, this may result in the dismissal of his case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee this 1st day of June, 2015.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Court Judge**